IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUIGI MAZZEI, etc.,

        Plaintiff,

v.                             No. 05 C 1110

SPEEDY REDI-MIX,

        Defendant.

## MEMORANDUM ORDER

Speedy Redi-Mix Holdings, Inc. ("Speedy," mistakenly named in the Complaint as "Speedy Redi-Mix")[1] has filed its Answer to the ERISA Complaint brought by Luigi Mazzei as Trustee of certain employee benefit funds. For the reasons referred to both in n.1 (which identifies several minor items that would not ordinarily require a return to the drawing board) and hereafter in this

---

[1] Speedy's counsel's attention is directed to Lynn Truss' Eats, Shoots and Leaves:

    1. In the caption to Speedy's Answer, reference is made to "Plaintiff'" without including the required "s" to denote the possessive form.

    2. In the first sentence of the Answer, counsel has referred to "Holding's" rather than "Holdings."

    3. Even though the Complaint designates a single individual as trustee of the employee benefit funds that have brought this action, all of the Answer's paragraphs that refer to the Complaint speak of "Plaintiffs' Complaint" rather than "Plaintiff's Complaint."

Still another instance of counsel's carelessness appears in the case caption, where "et al." shows up as "et. al" (with the former word improperly adding a period and the latter improperly omitting the necessary period).

opinion (which specifies some more serious pleading defects), this Court sua sponte strikes the Answer but grants leave to replead.

First, Answer ¶3 fails to conform to the requirements of the second sentence of Fed. R. Civ. P. 8(b). In that respect, see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Next, Answer ¶7 commits an all-too-common error by quarreling with the asserted use of legal conclusions in a pleading--see App. ¶2 to <u>State Farm</u>. And that flaw appears to be compounded in this instance by the denial of what would appear to be a standard requirement in a collective bargaining agreement between a union and an employer.

Instead of calling for individualized amendments to the Answer, which would create a patchwork combination of pleadings, this Court accordingly strikes the Answer in its entirety, with leave granted to Speedy's counsel to file a self-contained Amended Answer in this Court's chambers (with a copy of course to be contemporaneously transmitted to plaintiff's counsel) on or before April 4, 2005. No charge is to be made to Speedy by its counsel for the added work and expense incurred in correcting these errors. Speedy's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for

filing).

                                            */s/ Milton I. Shadur*
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:    March 22, 2005